UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

FELIX REYNOSO, SR., SEBERA REYNOSO,
and SANDRA EARNEST REYNOSO, as
Guaridan for Felix Reynoso,

                Plaintiffs,

vs.                       Case No.  2:11-cv-109-FtM-29DNF

ELENA REYNOSO WHITEFOOT, a married
woman, and any known or unknown
parties who may claim as heirs,
devisees, grantees, grantors,
trustees or other claimants, by,
through, under or against them, any
right, title, or interest in the
following described property,
situate, lying, and being in Collier
County, Florida,

                Defendant.

_____

**OPINION AND ORDER**

This matter came before the Court on a jurisdictional review of the file.  The Court issued an Opinion and Order (Doc. #7) on March 14, 2011, raising the issue of subject-matter jurisdiction in response to defendant's Affidavit of Indigency seeking *in forma pauperis* status.  The Court took the affidavit under advisement and directed defendant to show cause why the case should not be remanded to state court for lack of jurisdiction.  Defendant filed a timely Compliance with Court's Order/Opinion to Show Cause Not to Remand (Doc. #8).  The Court finds that defendant has established a sufficient basis as to her citizenship in Mississippi, but has not established any basis to believe the amount in controversy

exceeds $75,000, exclusive of interest and costs, as required by 28 U.S.C. § 1332.

Where the basis for removing a case to federal court is diversity jurisdiction, the removing party must establish that the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). "Generally, '[i]t must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal.'" Federated Mut. Ins. Co. v. McKinnon Motors, L.L.C., 329 F.3d 805, 807 (11th Cir. 2003) (quoting St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 288 (1938)). Where jurisdictional damages are unspecified in the complaint, however, the removing party bears the burden of establishing the jurisdictional amount by a preponderance of the evidence. Williams v. Best Buy Co., 269 F.3d 1316, 1319 (11th Cir. 2001). If the jurisdictional amount is neither stated clearly on the face of the documents before the court, nor readily deducible from them, the district court lacks jurisdiction and must remand to state court. Lowery v. Ala. Power Co., 483 F.3d 1184, 1210-11, 1219 (11th Cir. 2007), cert. denied, 553 U.S. 1080 (2008). The Complaint filed in state court in this case set forth an unspecified amount (simply in excess of $15,000, the state circuit court jurisdictional amount), and it appears that the amount in controversy is the $58,000 value of the property. No amount in

excess of $75,000 is reasonably suggested by the documents. Therefore, the Court will remand the case to the circuit court.

Accordingly, it is now

**ORDERED:**

1. The Motion for leave to proceed *in forma pauperis* (Doc. #4) is **DENIED.**

2. The case is **REMANDED** to the Twentieth Judicial Circuit in and for Collier County, Florida.

3. The Clerk of the Court shall send a certified copy of this Opinion and Order to the Clerk Twentieth Judicial Circuit in and for Collier County, Florida pursuant to 28 U.S.C. § 1447.

4. The Clerk of the Court shall terminate all pending motions and deadlines, and close the file.

**DONE AND ORDERED** at Fort Myers, Florida, this ___1st___ day of April, 2011.

_John E. Steele_
JOHN E. STEELE
United States District Judge

Copies:
Elena Reynoso Whitefoot
Counsel of record